IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:17-CV-1-FL

| | |
|---|---|
| PETER BURKE, SR., | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) ORDER |
| ROBIN HILL, in her official capacity, Supervisor, N.C. Medicaid; PATRICK MCCRORY, in his individual capacity; and ROY COOPER, in his official capacity, Governor of NC,[1] | ) |
| Defendants. | ) |

This matter is before the court upon defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted. (DE 13). The motion has been fully briefed and the issues presented are ripe for ruling. For the reasons that follow, the motion is granted.

**BACKGROUND**

On January 3, 2017, plaintiff filed pro se an application to proceed in forma pauperis and a proposed complaint, seeking damages and injunctive relief based upon decision issued by the North

---

[1] As described more fully in the court's discussion below, the court construes the complaint as including claims against defendant Robin Hill ("Hill") in her official capacity, and against Patrick McCrory ("McCrory") in both his individual and official capacities. Where McCrory has been succeeded in office by defendant Roy Cooper ("Cooper"), and where Federal Rule of Civil Procedure 25(d) provides for automatic substitution of a public officer's successor in office, Cooper now stands as defendant in plaintiff's official capacity claims against the North Carolina governorship. The caption is amended to reflect these observations. Where there now exists a discrepancy between the caption and the court's docket, the clerk is DIRECTED to amend the docket to bring it in conformity with the caption.

Carolina Department of Health and Human Services ("NCDHS") to deny plaintiff's request for Medicaid coverage of certain medical treatment not described in the complaint. Plaintiff alleges violations of the Fifth, Eighth, and Fourteenth Amendments to the Constitution on the grounds that the denial of benefits was procedurally deficient, was issued pursuant to an unconstitutional policy of racial discrimination, and constitutes cruel and unusual punishment. The court construes these claims as arising under 42 U.S.C. § 1983. On February 6, 2017, United States Magistrate Judge Robert B. Jones, Jr., granted plaintiff's motion to proceed in forma pauperis, directed the clerk to file the complaint and prepare summonses, and directed the United States Marshal to serve said summonses and copies of the complaint upon defendants.

Defendants do not dispute that the United States Marshal properly effected service upon defendants Cooper and McCrory. Defendants also do not dispute that the United States Marshal delivered summons for defendant Hill to the address plaintiff provided at Post Office 300009, Raleigh, NC 27622-8009, though defendants dispute effectiveness of service at this address.

Defendants filed the instant motion March 28, 2017, seeking dismissal of the complaint in its entirety under Federal Rule 12(b)(6) for failure to state a claim. Defendants move to dismiss claims against defendant Cooper, pursuant to Rule 12(b)(1) on the additional basis of sovereign immunity. Finally, defendants move to dismiss claims against defendant Hill, pursuant to Rules 12(b)(2) and (5) for insufficiency of service of process and consequent lack of personal jurisdiction, or, in the alternative, under Rule 12(b)(1) on the ground that plaintiff failed to exhaust administrative remedies. Plaintiff responded in opposition to the motion. Defendants made no reply.

### STATEMENT OF THE FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff suffers an

unspecified illness, which, if allowed to progress to its fourth stage, causes liver failure, kidney failure, and death. (DE 8 at 3). In or around September 2016, plaintiff was scheduled to begin treatment with Dr. Hamza Khalid ("Khalid"), a specialist in gastroenterology at Vidant Medical Center in Greenville, North Carolina. (Id.). At an unspecified time, plaintiff applied to NCDHS for Medicaid coverage of procedures scheduled to be performed by Khalid, but plaintiff eventually discovered that his application for coverage was denied. (Id.). The complaint does not indicate the nature of the procedures nor whether they were ever performed.

Defendant Hill is employed as a supervisor within NCDHS and possesses authority, pursuant to North Carolina's Medicaid program, to approve or deny payment for the type of medical expenses involved in plaintiff's treatment with Khalid. (Id.). Plaintiff Hill is the NCDHS official directly responsible for denial of plaintiff's request for Medicaid coverage. (Id.).

Defendant McCrory is former governor of North Carolina and defendant Cooper is his successor in office. According to the complaint, Hill's decision to deny plaintiff's request for Medicaid benefits constitutes but one instance of a broader conspiracy, initiated by McCrory and implemented through the North Carolina governor's office, to violate the constitutional rights of minority groups in connection with disbursement of Medicaid benefits. (Id.). In support of this inference, plaintiff relates an anecdote about events taking place around 2013 where the Medicaid office for Pasquotank County, North Carolina refused to cover certain expenses for plaintiff's pain management therapy and transportation thereto, which decision plaintiff alleges was overridden by federal Medicaid officials. (Id. at 5). The complaint makes reference also to North Carolina State Conference of NAACP v. McCrory, in which the Fourth Circuit held that the North Carolina General Assembly acted with discriminatory intent in enacting certain voter identification laws. 831

3

F.3d 204, 215 (4th Cir. 2016); (DE 8 at 3–4).

After plaintiff's request for Medicaid coverage was denied, defendants gave no notice of that decision nor informed plaintiff of his appeal rights. (DE 8 at 7). Upon eventual discovery that his application for benefits was denied, plaintiff initiated this action.

## DISCUSSION

A.  Standard of Review

"When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). Where defendant disputes jurisdiction through affidavits or otherwise, plaintiff may not rest on mere conclusory allegations. See McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983). Rather, plaintiff must come forward with affidavits or other evidence to counter defendants' arguments. See id. (affirming dismissal under Rule 12(b)(2) where, "[a]gainst the defendants' affidavits," a plaintiff "offered nothing beyond his bare allegations that the defendants had . . . significant contacts" with the forum state). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(5) challenges the sufficiency of service of process. "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless,

"the rules are to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process has been properly served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nevertheless, Erickson does not undermine the requirement that

5

a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

B.  Analysis

Defendants advance no specific argument in support of dismissal of plaintiff's Eighth Amendment claim. Nonetheless, the court addresses that claim first, then turns to claims against defendant Hill, and, finally, to claims against defendants Cooper and McCrory.

   1.  Eighth Amendment

The Eighth Amendment to the Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment proscribes "all excessive punishments, as well as cruel and unusual punishments that may or may not be excessive." Kennedy v. Louisiana, 554 U.S. 407, 419 (2008) (quotations omitted). "The Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic precept of justice that punishment for a crime should be graduated and proportioned to the offense." Id.

In the instant matter, the complaint does not allege that plaintiff's application for Medicaid benefits was denied as punishment for a crime. Accordingly, the Eighth Amendment is inapplicable to conduct described in the complaint, see id.; thus, plaintiff's claims under the Eighth Amendment are dismissed. See Iqbal, 556 U.S. at 678.

   2.  Claims Against Defendant Hill

Defendants move to dismiss claims asserted against defendant Hill on the ground that Hill

6

was not properly served with process. "[A] a state-created governmental organization that is subject to suit must be served by: . . . serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under North Carolina Rule of Civil Procedure 4(j)(4), service may be effected upon "an agency of the State by . . . mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to [the agency's appointed process] agent . . ." N.C. Gen. Stat. 1A-1, Rule 4(j)(4).

Where the complaint alleges that defendant Hill denied plaintiff's request for Medicaid coverage pursuant to an official policy of discrimination, in absence of due process, and seeks rescission and reconsideration of said decision in accordance with due process and without regard to any policy of discrimination, claims against Hill sound as an official capacity suit in which the NCDHS stands as the real party in interest. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity. . . . the real party in interest is the entity."). Therefore, Rule 4(j) requires that service be effected upon Hill by delivery of process to the appointed process agent for NCDHS. See Fed. R. Civ. P. 4(j)(2). The appointed process agent for NCDHS is its general counsel who may be served at 2001 Mail Service Center, Raleigh, North Carolina, 27699-2001. See Process Agent Directory, http://www.ncdoj.gov/About-DOJ/Legal-Services/Legal-Resources/Process-Agent-Directory.aspx [https://perma.cc/9QY3-QED6]. Accordingly, where she was not served at this address, Hill was not served in accordance with Rule 4. See Fed. R. Civ. P. 4(j). Plaintiff's response does not address defendants' arguments based upon insufficiency of service of process. Therefore, defendant's motion to dismiss claims against Hill for insufficiency of service of process is granted.

Rather than close the case against defendant Hill, the court finds good cause to extend the deadline for service through December 15, 2017, and to allow the case against Hill to remain open. See Fed. R. Civ. P. 4(m); Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995) (holding that Rule 4(m) exists for the purpose of "encourag[ing] more efficient, speedy and inexpensive litigation, values espoused by Rule 1."). In particular, where dismissal under Rule 12(b)(5) ordinarily is without prejudice, see Fed. R. Civ. P. 4(m), and where significant inefficiencies would accrue upon dismissing the case without prejudice, allowing plaintiff to re-file his case and move again for leave to proceed in forma pauperis, and directing the marshal to effect service in the context of a new case, closure of the instant case would not advance "the just, speedy, and inexpensive resolution of" plaintiff's claims. Fed. R. Civ. P. 1. Accordingly, the clerk is directed to prepare an additional copy of the summons and complaint addressed to defendant Hill, and the Marshal is directed to serve same at the proper address noted above.

Where service has not yet been effected upon defendant Hill, the court need not reach at this juncture defendants' alternative argument that claims against Hill should be dismissed for lack of subject matter jurisdiction on the basis of plaintiff's failure to exhaust administrative remedies.

3. Claims Against Defendants Cooper and McCrory

The court turns now to plaintiff's claims premised upon race discrimination allegedly initiated by defendant McCrory. As an initial matter, the complaint does not state expressly whether plaintiff brings suit against McCrory in his individual or official capacity. Nonetheless, the complaint seeks damages, which are unavailable in an official capacity suit, see Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("When the action is in essence one for the recovery of money from the state, the state . . . is entitled to invoke its sovereign immunity from suit even though individual

8

officials are nominal defendants."), and, also, a directive that defendants rescind and reconsider denial of plaintiff's request for Medicaid benefits and refrain from enforcement of any policy of discrimination in assessing plaintiff's entitlement to same, which relief is appropriate in an official capacity suit. See Virgina Office for Protection and Advocacy v. Stewart, 563 U.S. 247, 254 (2011). In light of these observations, and where a pro se plaintiff's complaint is entitled to liberal construction, Erickson, 551 U.S. at 94, the court construes plaintiff's claims as adhering to defendant McCrory in both his individual and official capacities. Pursuant to Federal Rule of Civil Procedure 25(d), defendant Cooper is automatically substituted as defendant with respect to plaintiff's official capacity claims.

The complaint does not allege that either defendant McCrory or Cooper had any direct involvement in NCDHS's decision to deny plaintiff's claim for Medicaid benefits or in its failure to notify plaintiff of such decision and appeal rights. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, plaintiff's procedural due process claims involve no conduct for which defendants Cooper or McCrory are directly responsible. See id. Thus, to the extent plaintiff intends any procedural due process claims to embrace defendants Cooper and McCrory, the claims are dismissed. See id.

Moreover plaintiff's complaints of race discrimination against defendants Cooper and McCrory fall squarely within the category of conclusory allegations described in Iqbal, which conclusory allegations the court does not accept as true for purposes of a motion to dismiss. See id. at 678–79. In particular, the well-pleaded factual allegations consist of plaintiff's charge that his

claim for Medicaid benefits was denied and that he received no notice of that determination nor any notice of his appeal rights. These well-pleaded allegations of procedural due process violations "do not permit the court to infer more than the mere possibility" that said denial was motivated by racial animus or discriminatory policy. Id. Accordingly, plaintiff's allegations of race discrimination against defendants Cooper and McCrory fail to state a claim upon which relief can be granted and must be dismissed. Id.; 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff argues that his life depends upon the medical treatment for which he sought Medicaid coverage. On this basis, plaintiff argues that denial of his application for Medicaid benefits is so egregious that such decision is impossible to explain absent inference of a conspiracy, initiated by defendant McCrory and carried into effect through the governor's office, to deprive plaintiff of his constitutional rights. However, such conclusory allegations of egregiousness fail to "nudge[] [plaintiff's] claims of invidious discrimination across the line from conceivable to plausible." Iqbal, 556 U.S. at 680 (rejecting conclusory allegations that high-ranking government officials "knew of, condoned, and willfully and malicious agreed to subject [the plaintiff] to harsh conditions of confinement as a matter of policy, solely on account of his religion, race, and/or national origin and for no legitimate penological interest . . .") (quotations omitted). Accordingly, plaintiff's claims of discrimination under the Fifth and Fourteenth Amendments are dismissed. See id.

Where defendants Cooper and McCrory are entitled to dismissal on the basis of plaintiff's failure to state a claim, the court need not reach defendants' further argument that Cooper is immune from suit.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED, and plaintiff's claims against defendants Cooper and McCrory are DISMISSED. The deadline for service of defendant Hill is EXTENDED to December 15, 2017. The clerk is DIRECTED to prepare a summons addressed for delivery to defendant Hill at 2001 Mail Service Center, Raleigh, North Carolina, 27699-2001. The United States Marshal is DIRECTED to effect service of same within the December 15, 2017, deadline. The clerk also is DIRECTED to amend the docket to bring it in conformity with the caption.

SO ORDERED, this the 31st day of October, 2017.

LOUISE W. FLANAGAN
United States District Judge