IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:17-CV-1-FL

| | | |
|---|---|---|
| PETER BURKE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBIN HILL, Supervisor, N.C. Medicaid, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss. (DE 23). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted in part and denied in part.

**BACKGROUND**

The court proceeds here immediately to discussion of the case background pertinent to the instant motion where the full case background and facts alleged are a matter of record.[1] Following entry of this court's prior order dismissing certain claims and directing service of process upon defendant, the United States Marshals served defendant, as ordered. (DE 21). Now conceding the court's personal jurisdiction and abandoning its argument grounded in plaintiff's alleged failure to exhaust administrative remedies, defendant moves to dismiss plaintiff's remaining claims on the grounds that damages claims against defendant are barred by the Eleventh Amendment to the Constitution or are moot.

---

[1] The court incorporates herein by reference "Background" and "Statement of the Facts" set forth in prior order. (DE 19).

**DISCUSSION**

The court proceeds here immediately to analysis of the issues, with deference to the standard of review pertaining to Federal Rule of Civil Procedure 12(b)(6) set forth in prior order.

A.  Substantive Medicaid Claim

Retrospective damages are unavailable in an official capacity suit under 42 U.S.C. § 1983. Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("When the action is in essence one for the recovery of money from the state, the state . . . is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."). However, state agencies can be sued for prospective injunctive relief to comply with the federal Constitution and federal statutes. See Ex parte Young, 209 U.S. 123 (1908); McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010) ("[Ex parte Young,] [] permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such suit is not a suit against the state for purposes of the Eleventh Amendment.") (citation omitted). "The fact that a judicial remedy may require one party to pay money to another is not a sufficient reason to characterize the relief as 'money damages'" Bowen v. Massachusetts, 487 U.S. 879, 893 (1988). Accordingly, relief that "merely requires [an agency] to pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper [rule]" properly may be characterized as "prospective." Id. at 894 (quotations omitted).

In his various filings, plaintiff purports to increase his prayer for relief to embrace progressively larger sums ranging from $10 million to $100 million. These claims for punitive damages must be dismissed both because they are frivolous and because retrospective damages are not available against a state agency. See Edelman, 415 U.S. at 663. However, to the extent plaintiff

seeks prospective order directing defendant to cover medical expenses as required under North Carolina's Medicaid state plan, the complaint is not barred by the Eleventh Amendment. See Bowen, 487 U.S. at 893. In this part, defendant's motion is denied.

B.     Procedural Due Process Claims

The court held previously that where plaintiff alleges that defendant provided no notice that plaintiff's Medicaid claim was denied or that plaintiff was entitled to appeal initial denial, plaintiff states a claim for deprivation of procedural due process grounded in Due Process Clauses of the Fifth and Fourteenth Amendments. (Id.). Defendant again moves for dismissal of that claim. In support of the instant motion, defendant attaches a document, addressed to plaintiff, which contains a notice of decision pertinent to plaintiff's Medicaid claim and gives notice of appeal rights. (DE 24-1). The document does not undermine plaintiff's procedural due process claim, however, because the document does not address the pertinent issue, which is whether plaintiff received the document. This determination is, of course, without prejudice to defendant's opportunity to rebut plaintiff's procedural due process claim on motion for summary judgment.

Additionally, defendant represents to the court that "nothing is preventing the Plaintiff and his providers from seeking prior approval for [the] treatment [in issue] with proper documentation going forward." (DE 24 at 4). This representation sounds as argument that plaintiff's procedural due process claim is moot. However, even if appeal prospectively is available, and even if plaintiff's Medicaid claim ultimately is subject to denial, deprivation of procedural due process triggers, at minimum, award of nominal damages against the responsible state agency. Carey v. Piphus, 435 U.S. 247, 266–67; Randall v. Prince George's Cty., Md., 302 F.3d 188, 208 (4th Cir. 2002). Therefore, plaintiff's procedural due process claim is not moot where disposition of the issues in

3

dispute may affect plaintiff's rights. See <u>DeFunis v. Odegaard</u>, 416 U.S. 312, 316 (1974). Therefore, defendant's motion is denied insofar as it seeks dismissal of plaintiff's procedural due process claim.

C.     Construction of the Complaint

On its own initiative, the court undertakes to clarify its construction of plaintiff's complaint for purposes of facilitating the parties' discovery planning. The complaint alleges four distinct legal theories, namely, violations of the Eighth Amendment Cruel and Unusual Punishment Clause, race discrimination in violation of the Fifth and Fourteenth Amendments, incorrect denial of Medicaid benefits under pertinent state and/or federal statutes, and deprivation of procedural due process also in violation of the Fifth and Fourteenth Amendments. All claims as arise under 42 U.S.C. § 1983. Plaintiff's claims of cruel and unusual punishment and race discrimination previously were dismissed for failure to state a claim. (DE 19). Plaintiff's other claims against the above-captioned defendant are allowed to proceed. Plaintiff's prayer for relief is disregarded to the extent it seeks damages above that level of Medicaid benefits to which plaintiff allegedly was entitled.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss, (DE 23), is GRANTED IN PART AND DENIED IN PART. Plaintiff's Medicaid and procedural due process claims are allowed to proceed. Defendant is DIRECTED to lodge its answer in accordance with the Federal Rules of Civil Procedure. Initial order governing planning and scheduling will follow.

SO ORDERED, this the 27th day of August, 2018.

LOUISE W. FLANAGAN
United States District Judge